United States District Court
District of Massachusetts

| | |
|---|---|
| RICHARD M. ZAGRANSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 15-10763-NMG |
| ) | |
| OSVALDO VIDAL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**GORTON, J.**

In January, 2016, this Court dismissed the habeas petition of Richard M. Zagranski ("petitioner" or "Zagranski"). Zagranski now requests a Certificate of Appealability.

### I. Background

In March, 2015, Zagranski filed a habeas petition in this Court challenging his 1989 conviction in Massachusetts Superior Court on the ground that he was denied his constitutional right to effective assistance of counsel during trial. Respondent filed a motion to dismiss the habeas petition as time-barred under 28 U.S.C. § 2244(d) which sets forth the statute of limitations for federal habeas petitions.

In January, 2016, after considering Zagranski's objections, this Court adopted the report and recommendation ("R&R") of the

-1-

Magistrate Judge and dismissed his habeas petition as untimely because he 1) filed his habeas petition after the expiration of the one-year limitations period in 1997, 2) did not discover new evidentiary facts or events that he could not have discovered earlier through the exercise of due diligence and 3) failed to show that he diligently pursued his rights or to identify an "extraordinary circumstance" that would warrant equitable tolling of the statute of limitations period.

Shortly thereafter, Zagranski filed the pending motion for a Certificate of Appealability for the claims raised in his habeas petition.

## II. Legal Analysis

### A. Standard

Under 28 U.S.C. § 2253(c), a judge may issue a Certificate of Appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). If the district court denied the habeas petition on procedural grounds without reaching the underlying constitutional claim, then the petitioner must demonstrate

> at least, that jurists of reason would find it debatable whether [1] the petition states a valid claim of the denial of a constitutional right and . . . [2] the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The "debatable among jurists of reason" standard is a low barrier under which a claim is considered debatable

> even if every jurist of reason might agree, after the [Certificate of Appealability] has been granted and the case has received full consideration, that the petitioner will not prevail.

Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner cannot satisfy the second requirement that reasonable jurists would find the procedural ruling debatable under that standard, however, if there is a clear procedural bar to the habeas petition. Slack, 529 U.S. at 484. That is because, in such a circumstance,

> a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

Id.

### B. Application

As discussed in the R&R, Zagranski's habeas petition is untimely because he filed it after the expiration of the one-year grace period afforded by the First Circuit Court of Appeals for challenges to state convictions that became final prior to April 24, 1996. See Riva v. Ficco, 803 F.3d 77, 80 (1st Cir. 2015).

Nevertheless, Zagranski asserts that his habeas petition should be considered timely under § 2244(d)(1)(D). That

provision states that the statute of limitations for a habeas petition may commence on

> the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(D). Zagranski argues that he has diligently pursued his claims since the early 1990s but was only able to access certain information in 2012 when his attorney in the post-conviction proceedings began to investigate his case. As explained in the R&R, however, Zagranski has not shown that, by the time of his conviction in 1989, he did not know and could not have known through the exercise of due diligence the principal facts upon which the claims in his habeas petition are predicated.

Zagranski next argues that equitable tolling should render his habeas petition timely. As described in the R&R, however,

> the record shows that Zagranski was either aware of the facts giving rise to his claims back in 1989 or 1990 or that he could have discovered those facts through the exercise of due diligence much sooner.

Equitable tolling is unjustified in this case because Zagranski has not met his burden of establishing that he diligently pursued his rights and that some extraordinary circumstance prevented him from timely filing his habeas petition. See Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012).

Accordingly, Zagranski has not made the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484. Because a plain procedural bar is present in this case, no appeal is warranted and the motion for a Certificate of Appealability will be denied.

### ORDER

In accordance with the foregoing, petitioner's motion for a Certificate of Appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 19, 2016